156 LA.—30

(.101 South. 269)

No. 26819.

## PIAZZA v. McDERMOTT.

(Aug. 15, 1924.)

*(Syllabus by Editorial Staff.)*

1. Elections ⚖══144 — Candidate for judge of criminal district court must designate particular section.

A candidate for judge of criminal district. court for parish of Orleans may not enter election as a general candidate for any section thereof, but must designate particular section over which he aspires to preside, in view of Const. 1921, art. 7, § 80, par. 2, and section 82, and Act No. 103 of 1921, and Act No. 114 of 1921, § 6.

2. Courts ⚖══50—Each judge of criminal district court presides over separate section.

Under Const. 1921, art. 7, § 82, each judge of criminal district court of parish of Orleans must preside over a separate section thereof. and each has his own individual successor in. his section.

3. Evidence ⚖══41 — Cognizance taken that: courts of parish of Orleans operate in sections or divisions.

The Supreme Court will take cognizance that courts of parish of Orleans have for more than 40 years operated in sections or divisions as distinct courts, working separately though in harmony.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Mandamus by Geo. Piazza against Stanley McDermott. Judgment for defendant, and plaintiff appeals. Affirmed.

Frank P. Kreiger and George Piazza, both. of New Orleans, for appellant.

John C. Davey and Edward Rightor, both. of New Orleans, for appellee.

By the WHOLE COURT.

ST. PAUL, J. [1] The question involved is. whether one who wishes to become a candidate for judge of the criminal district court for the parish of Orleans may enter the election as a general candidate for any section.

thereof, or must designate the particular section over which he (she) aspires to preside.

### I.

[2] The Constitution of 1921 provides (article 7, § 82, page 61, *in fine*):

"There shall be five *separate* sections of said criminal district court * * * each presided over by one of said judges." (Italics ours.)

It further provides (article 7, § 86, page 63):

"All prosecutions instituted * * * shall be equally allotted by classes among the judges of said court, and each judge or *his successor* shall have exclusive control over any case allotted to him from its inception to its final disposition in said court. Provided, however, the said judges shall have authority to provide by rule for the exercise of jurisdiction by any judge over any case *previously allotted*." (Italics ours.)

### II.

Hence it is clear that each judge of said court presides over a *separate section* thereof, and that each has *his own individual successor* in said section.

### III.

But, apart from this, it is apparent that nothing but confusion would result in a court required (or authorized) to operate in sections or divisions, if a judge, once assigned to a section or division and given exclusive control over any case allotted to him, were subject to have his jurisdiction over such case ousted at any time, and himself and his clerical appointees shifted about from section to section, or division to division.

[3] It is a known fact, of which we may and do take cognizance, that the courts of the parish of Orleans have for more than 40 years operated in sections or divisions, as distinct courts working separately though in perfect harmony. And hence there has been no such confusion as would result were it otherwise, where one judge might differ with another and both be vested with equal authority. And it is our conclusion that nothing in the Constitution or laws of the state was meant to disturb this harmony and introduce a confusion which would be deplorable. Cf. Const. 1921, art. 7, § 80, par. 2, p. 60; also Act 103 of 1921, p. 210, and Act 114 of 1921, § 6, p. 248.

### IV.

We think the defendant properly refused to receive plaintiff's entry without his designating the section over which he aspires to preside; and accordingly the trial judge was correct in refusing to mandamus him to receive such entry.

### Decree.

The judgment appealed from is therefore affirmed.

O'NIELL, C. J., and OVERTON and LAND, JJ., absent.